## No. 4029.

HOWARD, PRESTON & BARNETT *v.* WILLIAM H. SIMMONS et als.

Where the irregularities in the proceedings in the court *a qua*, which are complained of, are more technical than real, and where, on the whole, substantial justice has been done, the judgment will not be disturbed.

While it' is a general rule that petitions in injunction suits are not allowed to be amended,. still when events have occurred since the institution of the suit, which would warrant a new injunction, there can be no good reason to refuse them to be stated in a supplemental petition.

Courts abhor a multiplicity of suits, and they will not dissolve an injunction when it is apparent from the record that the party would be entitled to another.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont, J. Wooldridge & Thomas* tor plaintiffs and appellees. *Race, Foster & Merrick* for defendants and appellants.

LUDELING, C. J.    On the twenty-fifth of August, 1868, the defendants obtained a judgment against the plaintiffs in the State of Mississippi, from which no suspensive appeal was taken.    Thereupon suit was instituted in the Fifth District Court of the parish of Orleans on the seventeenth of December of the same year, in which, on the production of an exemplified copy of the proceedings had in Mississippi, that judgment was made executory in this State.    The decree of the Fifth District Court was that " the final judgment, rendered in the Circuit Court in and for Rankin county, in the State of Mississippi, in. favor of each of the plaintiffs herein, with interest and costs, and against the defendants, in solido, be ratified, confirmed and made executory by this court, the same as in the said Circuit Court."    On appeal, this court affirmed the judgment.

While these proceedings were being had in this State, Howard,. Preston & Barnett were litigating in the courts of Mississippi in regard to said judgment.    They took an appeal from the Mississippi judgment without *supersedeas* to the Court of Errors and Appeals of that State.    At the November term of that tribunal for the year 1871,. a decree was rendered in favor of appellants, reversing the judgment of the Circuit Court of Rankin county, on which proceedings had been instituted in this State, as aforesaid.

After the judgment of this court had been rendered an execution was issued and placed in the hands of the sheriff, who went to the office of Howard, Preston & Barnett to make a seizure.    About two hours afterwards, Howard, Preston & Barnett sued out an injunction which was served on the sheriff at about half-past twelve o'clock.. The deputy sheriff who had the execution, remained in the office of Howard, Preston & Barnett until a little before three, when he stated to them that unless the execution was satisfied, he would seize the contents of their safe.    To avoid this, they paid the amount of the execution—they say under protest, while Simmons et al. say they paid voluntarily.

Howard, Preston & Barnett v. Simmons et als.

We think the statement of facts above made shows the payment was not voluntarily made. The irregularities in the proceedings in the district court, complained of, are more technical than real. On the whole, we think substantial justice has been done. The defendants in this suit attempted to execute a judgment, which had not become *res judicata*, and the judgment was reversed on appeal before the money had been paid to them. We think that justice and law would require the money to be returned by the sheriff to the plaintiffs in this suit.

It is therefore ordered that the judgment appealed from be affirmed, with costs.

WYLY, J.—*dissenting*. The judgment which the plaintiffs injoin the defendants from executing is a judgment which stands unrevoked, no attempt having been made to revise it in the manner provided in the Code of Practice.

The plaintiffs, however, injoin its execution, because the judgment in Mississippi, upon which it is based, has been revised and reversed in that State.

I can not concede that a judgment rendered in this State (it matters not upon what evidence it is based) can be annulled by a proceeding in Mississippi to revise the judgment there. Nor can I sanction the practice of barring perpetually the execution of a final judgment in this State which has not been revoked nor sought to be revised in the manner provided by the Code of Practice.

That the judgment has been reversed in Mississippi might be a good defense to the suit here upon that judgment, but after judgment in this State no proceeding in Mississippi can destroy it. The court here which pronounced the judgment, alone has jurisdiction to reverse it in a proceeding to revise it according to the Code of Practice. It is well settled that a judgment merges into itself the claim or instrument upon which the demand is based.

Therefore the claim or judgment from Mississippi became merged into the judgment in this State ; and until it is annulled in a proceeding here it is a valid judgment, and can be enforced, notwithstanding the judgment in Mississippi has been pronounced invalid.

A judgment is property, and it can not be annulled or reversed except in a proceeding authorized by law. In this suit the plaintiffs have not demanded the nullity of the judgment. Perhaps the action is barred by prescription. The legal right of the defendants in virtue of their judgment, in my opinion, can not be destroyed by any judgment or decree whatever of the courts of Mississippi, and perpetually barring the execution of the judgment here is practically its destruction.

I therefore deem it my duty to dissent in this case.

## ON REHEARING.

LUDELING, C. J.　After a careful re-examination of the record in this case, we are convinced that the facts of the case were correctly stated, and that the conclusions arrived at were legal and just.

The technical objections, principally urged by defendants, were: that there was no legal injunction bond in the case, because the bond is not signed by all the parties applying for the injunction, and because the bond is made payable to the clerk of the court; and that the supplemental petition ought not to have been filed.

The suit is brought in the name of a commercial firm; the bond is signed "Howard, Preston and Barnett," and Howard & Preston and E. Woolridge as securities; and it is made payable to "Louis Powers, clerk, and William H. Simmons et als., heirs and executors," etc.

While the injunction suit was pending, the plaintiffs alleging that, since the institution of the injunction suit, the Court of Errors and Appeals of Mississippi had reversed and annulled the judgment which had formed the basis of the judgment injoined in this State, and they urged that as an additional reason for sustaining their original injunction.　The objections to this supplemental petition were: that it came too late, the case having been submitted for decision to the court; and that in an injunction suit, the petition can not be amended.

It is clear that, if the judge *a quo* had decided the case on hearing the facts stated in the supplemental petition, he could have granted a new trial.　And while it is a general rule that petitions in injunction suits are not allowed to be amended, still when events have occurred since the institution of the suit which would warrant a new injunction, there can be no good reason to refuse them to be stated in a supplemental petition.　Courts abhor a multiplicity of suits, and they will not dissolve an injunction when it is apparent from the record that the party would be entitled to another.　C. P. 748.

We therefore adhere to our original opinion.